IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALVIN VAN PELT III,

       Petitioner,

vs.                                       No. CV 17cv647 RB/KRS

TODD GEISEN, CAPTAIN/WARDEN,
Bureau of Indian Affairs, Office of Justice Services
Division of Corrections,

And

KEWA PUEBLO (formerly known as Santo Domingo Pueblo),
BRIAN CORIZ, Governor, Kewa Pueblo, and
EWQUIPULA TENORIO, Lieutenant Governor, Kewa Pueblo, and
JAVIN CORIZ, Tribal Official #4, Kewa Pueblo,

       Respondents.

## ORDER DISMISSING KEWA PUEBLO AND DIRECTING RESPONDENTS TO ANSWER

This matter is before the Court on Petitioner Alvin Van Pelt III's Amended Petition For Writ of Habeas Corpus for Relief From a Tribal Court Conviction Pursuant to 25 U.S.C. § 1303. (Doc. 2.)

The Amended Petition names Kewa Pueblo as a Respondent. However, "[a]n application for a writ of habeas corpus is never viewed as a suit against the sovereign," and "§ 1303 does not signal congressional abrogation of tribal sovereign immunity, even in habeas cases." *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 899 (2nd Cir. 1996) ("Because a petition for writ of habeas corpus is not properly a suit against the sovereign, the Tonawanda Band is simply

1

not a proper respondent."). Therefore, Kewa Pueblo is not a proper respondent and will be dismissed as a party to this action. *See id.*

Tribal sovereign immunity does not bar "actions against tribal officers for writs of habeas corpus." *Id*. Therefore, the remaining Respondents are properly named in this proceeding. The Court has reviewed the Amended Petition and determined that it is not subject to summary dismissal and, therefore, will order Respondents Todd Geisen, Brian Coriz, Esquipula Tenorio, and Javin Coriz to file an answer. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS THEREFORE ORDERED** that Respondent Kewa Pueblo is **DISMISSED** as a party to this action;

**IT IS FURTHER ORDERED** that Respondents Todd Geisen, Captain/Warden, Bureau of Indian Affairs, Office of Justice Services, Division of Corrections, Brian Coriz, Governor, Kewa Pueblo, Esquipula Tenorio, Lieutenant Governor, Kewa Pueblo, and Javin Coriz, Tribal Official #4, Kewa Pueblo shall **ANSWER** the Amended Petition within thirty (30) days from the date of entry of this Order. Each Respondent's answer shall advise, but is not limited to, whether the Petitioner has exhausted his tribal court remedies as to the issues raised in the federal petition. In each case, Respondents shall attach to their answer copies of any pleading pertinent to the issue of exhaustion which was filed by Petitioner in the sentencing court and appellate courts, together with copies of all memoranda filed by both parties in support of or in response to those pleadings. Respondents shall also attach to the answer copies of all tribal court findings and conclusions, docketing statements, and opinions issued in Petitioner's tribal court post-conviction or appellate proceedings. In the event Respondents deny exhaustion, Respondents

shall identify the tribal court procedures currently available to Petitioner given the nature of Petitioner's claims and their procedural history.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE