IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALVIN VAN PELT III,

      Petitioner,

vs.                                                                                                          No. CV 17-00647 RB/KRS

TODD GEISEN, CAPTAIN/WARDEN,
Bureau of Indian Affairs, Office of Justice Services
Division of Corrections,

And

KEWA PUEBLO (formerly known as Santo Domingo Pueblo),
BRIAN CORIZ, Governor, Kewa Pueblo, and
ESQUIPULA TENORIO, Lieutenant Governor, Kewa Pueblo, and
JAVIN CORIZ, Tribal Official #4, Kewa Pueblo,

      Respondents.

### ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ORDER TO SHOW CAUSE AND ORDER TO SHOW CAUSE

THIS MATTER is before the Court on the Motion for Order to Show Cause filed by Petitioner Alvin Van Pelt III on July 26, 2017. (Doc. 6.) The Court will grant the Motion in part and deny the Motion in part.

Petitioner Alvin Van Pelt III filed a Petition for a writ of habeas corpus (Doc. 1) and an Amended Petition for writ of habeas corpus (Doc. 2) on June 15, 2017. On June 22, 2017, the Court entered an Order dismissing the Pueblo of Kewa as a party and ordering Respondents, Brian Coriz, Esquipula Tenorio, and Javin Coriz, to file an answer to the Petition within 21 days of entry of the Order. (Doc. 5.) To date, no answer has been filed by any of the named Respondents.

Petitioner Van Pelt filed his Motion for Order to Show Cause on July 26, 2017. (Doc. 6.) In his Motion, Van Pelt seeks to have the Respondents held in contempt for failing to file an answer as ordered by the Court. (Doc. 6 at 1–3.) The Court will deny in part the Motion for Order to

Show Cause. The Court's record does not establish that any of the Respondents have been properly served with process in accordance with Fed. R. Civ. P. 4. If the Respondents have not been properly served, the Court lacks authority over them and may not enter an order holding them in contempt for any violation of the Court's June 22, 2017 Order. Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 344–45 (1999). Service of process is fundamental to any procedural imposition on a named defendant. See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) (In the absence of such service or waiver of service by the defendant, a court ordinarily may not exercise power over a party the complaint names as defendant). The Court will deny the Motion to the extent it seeks to have the Respondents held in contempt.

Moreover, even if the Respondents have been properly served, the appropriate remedy for a failure to answer is a default judgment, rather than a contempt proceeding. See Fed. R. Civ. P. 55. The Court will grant the Motion, in part, and order the Respondents to show cause within 30 days why a default judgment should not be entered in this case. The Court will also direct Petitioner Van Pelt to file, within 14 days of entry of this Order, proof of service of process on the Respondents in compliance with Fed. R. Civ. P. 4.

IT IS ORDERED:

(1) Petitioner Alvin Van Pelt III's Motion for Order to Show Cause (Doc. 6) is GRANTED in part and DENIED in part as described herein;

(2) Petitioner Alvin Van Pelt III is DIRECTED to file, within 14 days of entry of this Order, proof that he has effectuated service of process on the Respondents in accordance with the provisions of Fed. R. Civ. P. 4; and

(3) Respondents Brian Coriz, Esquipula Tenorio, and Javin Coriz shall SHOW CAUSE, within 30 days of entry of this Order why a default judgment granting the relief requested in the Petition and Amended Petition should not be entered against them.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**